IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**LUCINDA JUSTICE,** *Individually, and on behalf of herself and others similarly situated,*

  Plaintiff,

v.  No._____

**MIYANG HOME CARE, LLC,** d/b/a **ACTI-KARE** and **MIYANG SIN,** Individually,

Defendants.

**FLSA Multi-Plaintiff Action**
**RULE 23 Class Action**
**JURY DEMANDED**

## ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiff, Lucinda Justice ("Plaintiff"), individually, and on behalf of herself and all other similarly situated current and former hourly-paid caregivers, brings this multi-plaintiff action against Miyang Home Care, d/b/a Acti-Kare, and Miyang Sin, individually ("Defendants"), and alleges as follows:

### I.    INTRODUCTION

1. Plaintiff has been a full-time, hourly-paid caregiver of Defendants during all times material to this action and brings this action for unpaid minimum wages, unpaid overtime compensation, and other damages, as well as for reasonable attorneys' fees, costs and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. This action also is brought as a Fed. R. P. 23 class action, alleging breach of contract and unjust enrichment/quantum meruit under Tennessee state law, to recover unpaid

1

commissions and contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation, that is owed to Plaintiffs and other similarly situated current and former hourly-paid tow-truck drivers who are a member of a Rule 23 class as defined herein, and who are currently or previously employed by Defendants.

3. This action is intended to include every similarly situated full-time, hourly-paid caregiver who has worked for Defendants anywhere in the United States at any time within the past three (3) years.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to claims in this action within the court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendants to perform work in this district and said Defendants have conducted business within this district at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this district.

## III. FLSA COVERAGE

7. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA.

8. Plaintiff and those similarly situated have been "employees" of Defendants, as defined by

the FLSA.

9. During all times material herein, Defendants have employed two or more employees – including Plaintiff and those similarly situated - who handled goods, materials and supplies that travelled in interstate commerce.

10. Defendants' employees also have engaged in interstate commerce on behalf of Defendants during all times material to this action.

11. Defendants have been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

## IV. PARTIES

12. Defendant, Miyang Home Care, LLC, d/b/a Acti-Kare, is a Tennessee limited liability company with its principal address at 928 Roderick Road, Knoxville 37923-1641. Its registered agent for service of process is Miyang Sin, 928 Roderick Road, Knoxville 37923-1641

13. Defendant, Miyang Sin, is the owner and manager of Defendant Miyang Home Care, LLC. She may be served process at 928 Roderick Road, Knoxville 37923-1641 .

14. Plaintiff Lucinda Justice is an adult citizen of the United States and was employed by Defendants as an hourly-paid caregiver in this district during all times relevant to this action. Plaintiff Justice's "Consent to Join" this action is attached as *Exhibit A*.

15. Defendant Miyang Sin owned and controlled all operations pertaining to Miyang Home Care, LLC during all times material.

16. As such, Miyang Sin has been a joint employer with Defendant Miyang Home Care, LLC as that term is defined by the FLSA during all times material, and is equally liable to

3

Plaintiff and those similarly situated for all FLSA violations, as addressed herein.

## V. FACTUAL ALLEGATIONS

17. Defendants own and operate a home care business in the Knoxville, Tennessee area. (Plaintiff was employed by Defendants as an hourly-paid caregiver in the Knoxville, Tennessee area during all times material.)

18. Defendant Miyang Sin has been the principal owner and manager of Miiyang Home Care, LLC and has been responsible for the implementation and administration of the company's compensation and time keeping plans, policies and practices at all times material to this action.

19. Defendants have had a time keeping system in which to record the work hours of Plaintiff and those similarly situated during all times material to this multi-plaintiff lawsuit.

20. Plaintiff and those similarly situated routinely performed work for Defendants in excess of 40 hours per week within weekly pay periods during all times material to this Complaint – typically on a 24-hour basis.

21. Defendants either failed to record into their time keeping system or "edited-out" compensable work hours, including overtime hours, of Plaintiff and those similarly situated from their time keeping system within weekly or bi-weekly pay periods during all times material.

22. Therefore, Defendants did not compensate Plaintiff and those similarly situated for all their compensable work hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material.

23. In addition, Defendants offered and promised Plaintiff and those similarly situated a certain hourly wage in consideration for work to be performed during all times material herein.

24. Plaintiff and those similarly situated accepted Defendants said offer and promise by performing work as directed by Defendants

25. However, Defendants failed to compensate Plaintiff and those similarly situated with such promised wages for the work and services performed for Defendants during all times material - in breach of their contractual wage obligations to Plaintiff and those similarly situated.

26. Defendants have been aware they were not compensating Plaintiff and those similarly situated for all hours worked within weekly or bi-weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay - during all times material herein.

27. Defendants also have been aware that, by failing to compensate Plaintiff and those similarly situated for all their work time at the promised hourly rate of pay, they have breached their unilateral wage contracts with Plaintiff and those similarly situated.

28. Defendants' aforementioned violations were willful with reckless disregard to clearly established FLSA provisions.

29. Defendants' aforementioned violations were without a good faith basis.

30. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

31. Plaintiff and others similarly situated are entitled to a recovery from Defendants of all their unpaid minimum wages, overtime compensation and contractual compensation as well as liquidated damages, attorneys' fees, interest, and other costs, fees and expenses that is available to them.

## VI. RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

32. Plaintiff brings this cause as a Fed. R. Civ. P. 23 class action on behalf of herself and other Rule 23 class members to recover the aforementioned unpaid contractual wages owed them.

33. Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of herself and the following similarly situated individuals:

> All hourly-paid caregivers who were employed by and worked for Defendants in the State of Tennessee during the six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed them by the Defendants. (the "Rule 23 class").

34. Defendants promised Plaintiff and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

35. Plaintiff and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work directed by Defendants.

36. However, Defendants failed to pay Plaintiff and other Rule 23 class members the promised wages for all the work performed within weekly pay periods during all times material.

37. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

38. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

(a) Whether a unilateral contract existed between Defendants and Plaintiff and the putative Rule 23 class for the payment of wages for work performed.

(b) Whether Plaintiff and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendants under the Tennessee statutory and common law of contracts, quantum meruit and/or unjust enrichment.

(c) Whether Defendants paid Plaintiff and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant time period herein.

(d) Whether the Defendants unlawfully breached their unilateral wage agreements with Plaintiff and members of the Rule 23 class;

(e) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class;

39. Pursuant to the allegations above, Plaintiff's claims are typical of Rule 23 class claims.

40. Plaintiff's claims and the claims of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein and the claims are based on the same legal theories.

41. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

42. Plaintiff is an adequate class representative.

43. Plaintiff was an hourly-paid caregiver of Defendants who, like other members of the Rule 23 class, was not paid promised wages for the all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiff has an inherent interest in seeking recovery for the same types of damages that members of the Rule 23 class would

7

seek.)

44. Plaintiff's unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

45. Plaintiff and Rule 23 class members are/were subject to the same unlawful practices of Defendants in their failure to pay them all their earned contractually agreed-upon wages.

46. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

47. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

48. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings.

49. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

50. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

51. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing

so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

52. Plaintiff has engaged the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue the unpaid wage claims of herself and other Rule 23 members. (The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

53. The law firm has represented numerous other employees asserting unpaid contractual wage claims.

54. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

55. While the exact number of Rule 23 class members are unknown at this time and can be accessible via discovery, Plaintiff believes there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

56. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants.

9

## VI. MULTI-PLAITIFF ACTION ALLEGATIONS

57. Plaintiff brings this action on behalf of herself and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

58. Plaintiff seeks to send notice to the following similarly situated current and former employees of Defendants:

    All individuals who were employed by Defendants as hourly-paid caregivers and who performed work for Defendants anywhere in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

59. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

60. The claims of Plaintiff are typical of the claims of potential plaintiffs to this action.

61. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's common practice of failing to pay them for all their compensable hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

62. Plaintiff and potential plaintiffs to this action also are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

63. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as her interests are aligned with the interest of such potential plaintiffs.

64. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action.

65. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

66. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

67. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

68. Plaintiff incorporates by reference all preceding paragraphs as fully as written herein.

69. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them as a result of Defendants' unlawful practices, as previously described.

70. Defendants' failure to pay Plaintiff and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

71. During the relevant statutory time period herein, Defendants' common practice of willfully failing to pay Plaintiff and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendants' FLSA violations.

72. Defendants have had actual knowledge of failing to pay Plaintiff and potential plaintiffs all

the applicable FLSA minimum wages and overtime compensation to which they are entitled.

73. Defendants' conduct, as described herein, was willful with reckless disregard to clearly established FLSA compensation requirements.

74. Defendants' violations were without a good faith basis.

75. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendants: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION VIOLATION

76. Plaintiff incorporates by reference all preceding paragraphs as fully as written herein.

77. Plaintiff asserts Rule 23 class breach of contract claims because Defendants entered in to valid and enforceable unilateral wage contract with them pursuant to Tennessee common law.

78. Defendants offered to compensate Plaintiff and other members of the Rule 23 class at a specified hourly wage within weekly pay periods for all work performed on their behalf - as described previously.

79. Plaintiff and other members of this Rule 23 class accepted Defendants' offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material – as described previously.

80. However, Defendants breached their obligations under the said contracts by failing to pay Plaintiff and other Rule 23 class members the agreed-upon hourly compensation for all

such hours they performed.

81. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that she and each member of the proposed Rule 23 class provided valuable services to Defendants.

82. Defendants accepted their services and had reasonable notice that Plaintiff and Rule 23 class members expected to be compensated for the work they performed on behalf of Defendants.

83. The reasonable value of such services provided to Defendants by Plaintiff and Rule 23 members are consistent with the additional hourly rate of pay promised them because Defendants benefitted to such degree or more from the work they performed.

84. Defendants were aware they failed to pay Plaintiff and Rule 23 class members all the money owed them under the aforementioned wage contracts.

## COUNT III
## PLAINTIFF'S FLSA RETALIATION CLAIM

85. Plaintiff incorporates by reference all preceding paragraphs as fully as written herein.

86. Plaintiff had her scheduled work hours unlawfully reduced in retaliation for complaining to Defendants about not receiving overtime compensation that she had earned during all times material.

87. Shortly before having her scheduled work hours reduced, Plaintiff complained to Defendants about not receiving overtime compensation for her overtime hours of work on behalf of Defendants.

88. Complaining to Defendants about not receiving overtime compensation that she had earned was a protected activity under 29 U.S.C. § 215(a)(3).

89. Defendants violated 29 U.S.C. § 215(a)(3) by reducing Plaintiff's scheduled work hours in

retaliation for engaging in activity protected under the FLSA.

90. Defendants had no other basis to reduced Plaintiff's scheduled work hours but for her exercising her protected rights under 29 U.S.C. § 215(a)(3).

91. Defendants were aware of Plaintiff's protected activity before reducing her scheduled hours.

92. As a result of the unlawful retaliation Plaintiff has suffered monetary damages (lost wages both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

93. Defendants' conduct was willful and in reckless disregard to clearly established FLSA provisions.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of herself and all others similarly situated, requests this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and potential plaintiffs;

C. For an Order finding that Defendants' violations of the FLSA were willful.

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to FLSA Plaintiff and potential plaintiffs.

E. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F. An award of damages associated with Defendant's breach of contract or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

G. An award of all contractually agreed-upon wages;

H. An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and class members;

I. A ruling that Plaintiff had her scheduled work hours unlawfully reduced in violation of 29 U.S.C. § 215(a)(3).

J. An award of legal and equitable damages to Plaintiff for having her scheduled work hours reduced in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.

K. An award of liquidated damages to Plaintiff for having her scheduled work hours reduced in violation of 29 U.S.C. § 215(a)(3).

L. Such other general and specific relief as this Court deems just and proper.

**<u>JURY TRIAL DEMAND</u>**
Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

June 27, 2024                                    Respectfully Submitted

                                        *s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Auty (TN BPR #41423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***